**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
HECTOR RIVERA,                      :
                                    :      Civil Action
            Petitioner,             :      1:05-CV-05893 (FLW)
                                    :
            v.                      :      **O P I N I O N**
                                    :
THE FEDERAL BUREAU OF PRISONS,      :
                                    :
            et al.,                 :
                                    :
            Respondents.            :
_____:


**APPEARANCES:**

        HECTOR RIVERA, pro se
        #18347-054
        FCI Fort Dix
        P.O. Box 1000
        Fort Dix, NJ  08640


**FREDA L. WOLFSON, District Judge**

        This matter is before the Court on Petitioner's Motion for

Reconsideration of the Court's Order of February 28, 2006, in which

the Court denied Petitioner's habeas corpus petition.  Petitioner

filed his motion for reconsideration on April 3, 2006.[1]  The

respondents have not opposed the motion.  Having considered the

_____

[1]

        It appears to have been signed by the petitioner on March 30,
2006.

Page -1-

motion pursuant to Fed. R. Civ. P. 78, the Court will deny the
motion for reconsideration.

**BACKGROUND**

Petitioner, who was found guilty of a felony and sentenced to
a term of imprisonment of twenty one years and six months, was
initially confined at the Metropolitan Correctional Center
(hereinafter "MCC"), an institution serendipitously located not far
away from the residence of Petitioner's mother. See Pet. ¶¶ 4-5,
9, 12.  In December of 2002, Petitioner was re-designated, due to
overcrowding of the MCC, to the FCI Fort Dix, which is the place of
Petitioner's current confinement.  Fort Dix has the same degree of
security as the MCC, and is located within 500 miles of the place
of residence of Petitioner's mother (and Petitioner's anticipated
release area).  See id. ¶¶ 9-11.  Petitioner's mother "has been
unable to come and visit [Petitioner at the Fort Dix] because . .
. the distance" from her residence to Fort Dix presented an
obstacle to such visits due to his mother's age and deteriorating
health.  See id. ¶ 12.  Petitioner's requests for re-designation
back to the MCC were denied by the Bureau of Prisons (hereinafter
"BOP") on the grounds that: (1) while "the Bureau . . . attempt[s]
to place inmates in an institution that is reasonably close to
their anticipated release area, [p]lacement within 500 miles is
considered reasonably close [and, therefore, the] FCI Fort Dix is
an appropriate facility" for Petitioner's confinement (Letter of

Page -2-

D.J. Steele (Sep. 13, 2004)); and (2) "[o]nce the inmate has been transferred within 500 miles of his or her release residence, no further referrals should be made as a 'nearer release' transfer consideration."  Letter of John Nash, Warden, Fort Dix (Nov. 4, 2004) (citing Bureau of Prison's Program Statement 5100.07 (hereinafter "PS 5100.07")); accord Letter of John Nash, Warden, Fort Dix (Nov. 3, 2005), and Letter of T. Mulvey, Unit Manager (July 5, 2005) (stating that, "[w]hile the Unit Team is respectful of your Mother's health situation, you are still afforded the opportunity to keep in contact via telephone and correspondence privileges").

Petitioner asserted in the Petition that such denial of transfer was: (1) in violation of Bureau of Prison's Program Statement 5267.07 (hereinafter "PS 5267.07") which states that the Bureau "encourages visiting by family, friends, and community groups to maintain the morale of inmate and to develop closer relationships between the inmate and family members or others in the community," see Pet. ¶ 12; and (2) based on undue interpretation of PS 5100.07 which, in addition to the language quoted by Warden Nash in his letter to Petitioner, provides that "[r]edesignation between same security level institutions *are discouraged*, except for [the 'nearer to release transfers'] or other unusual circumstances." (Emphasis supplied.)  With respect to the latter claim, Petitioner claimed that, under the regime set

forth by PS 5100.07, Petitioner's situation should be qualified as "unusual circumstances" warranting his re-designation to the MCC, rather than the "nearer to release" one which is already satisfied by Petitioner being incarcerated within 500 miles of his anticipated release area. See id. ¶ 17. Petitioner argued in the Petition that his circumstances are unusual because, if Petitioner's "mother's condition continues to get wors[e,] she could pass away before his release[,] and . . . he would . . . never see her again." Id.

In an Opinion and Order dated February 28, 2006, this Court denied the Petition on the merits. The Opinion read, in pertinent parts, as follows:

> The regulatory regime set forth in PS 5100.07 unambiguously discourages transfers and carves only a few narrow exceptions to this rule. The "unusual circumstances" exception neither spells out--nor is expected to explicate--an exhaustive list of such circumstances: it leaves the determination to BOP's discretion and should not be second-guessed by this Court unless patently unreasonable. See Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416 (1971).
>
> . . . .
>
> While Petitioner's desire to spend time with his mother is commendable, the Court can neither usurp BOP's discretionary power with respect to housing of inmates nor find an obligation on the part of the BOP to execute Petitioner's transfers to the MCC if BOP's good faith considerations of Petitioner's request yielded a decision to keep Petitioner at Fort Dix. Accord Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 251 (3d Cir. 2005).

Rivera v. Federal Bureau of Prisons, 1:05-cv-5893, at 9-11.

Petitioner has now filed a motion for reconsideration. Petitioner argues that (1) the BOP erroneously denied the [P]etitioner's request without applying the proper review to determine whether . . . his request qualifies as 'unusual circumstances'"; and (2) the BOP should conduct "a good faith review, per <u>Woodall</u>, to determine whether or not [Petitioner's] situation qualifies as unusual circumstances."   <u>Id.</u>

## **DISCUSSION**

### A.   **Timeliness**

The Federal Rules of Civil Procedure, Rule 59(e), states, "any motion to alter or amend a judgment shall be filed not later than 10 days after the entry of the judgment."  Similarly, Local Civil Rule 7.1(i) directs, "a motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." Therefore, a plaintiff may move for reconsideration within ten days of the entry of judgment.

In the instant case, the Court's Order denying Petitioner's requested habeas corpus relief was entered on February 28, 2006. The Court did not receive notice of the instant motion for reconsideration until April 3, 2006 (and in no event the motion was mailed prior to March 30, 2006).  Therefore, Petitioner's motion for reconsideration should be dismissed as untimely.

**B.    Merits of Motion**

Alternatively, Petitioner's motion is also subject to
dismissal on its merits.  Generally, there are four basic grounds
upon which a Rule 59(e) motion may be granted:   (1) to correct
manifest errors of law or fact upon which the judgment was based;
(2) to present newly-discovered or previously unavailable evidence;
(3) to prevent manifest injustice; and (4) an intervening change in
prevailing law.  See 11 Charles A. Wright, Arthur R. Miller & Mary
Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995);
see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.
1985), cert. denied, 476 U.S. 1171 (1986)(purpose of motion for
reconsideration is to correct manifest errors of law or fact or to
present newly discovered evidence).   "To support reargument, a
moving party must show that dispositive factual matters or
controlling decisions of law were overlooked by the court in
reaching its prior decision."   Assisted Living Associates of
Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J.
1998).   However, mere disagreement with the district court's
decision is inappropriate on a motion for reargument, and should be
raised through the appellate process.  Id. (citing Bermingham v.
Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J.
1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F.
Supp. 274, 275 (D.N.J. 1990)).  "The Court will only entertain such
a motion where the overlooked matters, if considered by the Court,

might reasonably have resulted in a different conclusion."
Assisted Living, 996 F. Supp. at 442.   Accordingly, a district
court "has considerable discretion in deciding whether to reopen a
case under Rule 59(e)."   Edward H. Bohlin, Co. v. Banning Co.,
Inc., 6 F.3d 350, 355 (5th Cir. 1993).

    In this case, Petitioner merely disagrees with--or
misunderstands--this Court's conclusion.[2]   He neither cites

---

[2]
    It appears that Petitioner reads this Courts finding that the
Program Statement did not and was not expected to give an
exhaustive list of "unusual circumstances" as this Court's
conclusion that the BOP had to but failed to spell out the list of
"unusual circumstances" to Petitioner. See Mot. at 3.  Similarly,
it appears that Petitioner reads this Court's finding that the BOP
did look into the specific facts of Petitioner's case and made a
good faith determination as this Court's conclusion that the BOP
did not make a good faith determination. See id.  Moreover, it
appears that Petitioner misreads Woodall, 432 F.3d 235.   The
Woodall Court examined 18 U.S.C. § 3621(b).   The statute lists the
following matters that the BOP shall consider determining the
inmate's place of imprisonment: (1) the resources of the facility
contemplated; (2) the nature and circumstances of the offense; (3)
the history and characteristics of the prisoner; (4) any pertinent
policy statement issued by the Sentencing Commission; and (4) any
statement by the court that imposed the sentence with regard to the
purposes of imprisonment and the type of correctional facility to
be employed. See id. 432 F.3d at 239, but see Barden v. Keohane,
921 F.2d 476, 483 (3d Cir. 1991) ("While the statute wisely
requires the Bureau to solicit the views of the sentencing judge
whenever possible, his decision is not controlling under the
statute[, and the] Bureau has wide discretion to designate the
place of confinement for purposes of serving federal sentences of
imprisonment").  Neither the mandate of the statute nor the holding
of Woodall addresses such factor--or envisions such conclusion--as
"unusual circumstances."  Moreover, in Petitioner's case, the BOP
expressly acknowledged its familiarity with the Petitioner's family
circumstances, see Letter of John Nash, Warden, Fort Dix (Nov. 3,
2005), Letter of T. Mulvey, Unit Manager (July 5, 2005); Letter of
D.J. Steele (Sep. 13, 2004), and conducted a good faith
determination in accordance with Section 3621(b).

manifest errors of law or fact by this Court, nor offers new evidence or intervening changes in prevailing law.

<u>**CONCLUSION**</u>

For the reasons set forth above, Petitioner's motion, filed pursuant to Fed. R. Civ. P. 59(e) and Local Civ. R. 7.1(g), for reconsideration of the Court's Order of February 28, 2006, is hereby denied.

An appropriate Order accompanies this Opinion.


    s/Freda  L.  Wolfson
        **FREDA L. WOLFSON**
    **United States District Judge**


Date: April 6, 2006